Filing # 185948597 E-Filed 11/13/2023 07:44:54 AM

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

CRAIG FENNEMAN,

    Plaintiff,

vs.

QBE SPECIALTY INSURANCE COMPANY,

    Defendant,

_____/

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, CRAIG FENNEMAN, (hereinafter referred to as the "Plaintiff") by and through his undersigned counsel and files his complaint for damages against the Defendant, QBE SPECIALTY INSURANCE COMPANY (hereinafter referred to as "Defendant") and states the following:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages that exceeds Fifty Thousand Dollars ($50,000), exclusive of interest, costs and attorneys' fees.

2. Defendant is a Florida Corporation, organized and existing under the laws of Florida, qualified to do business in Florida, and has at all times material hereto conducting business in Lee County, Florida.

3. Venue is Proper in Lee County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Lee County, Florida, the subject property is located in Lee County, Florida and Defendant has engaged in substantial and not isolated activity within Lee County, Florida pursuant to Fla. Stat. §48.193 (2).

4. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

5. At all times material hereto, in consideration of a premium paid by Plaintiff, there were in full force and effect a certain homeowners insurance policy issued by Defendant with a policy number of OUA12538299-00 (hereinafter referred to as "Policy").

6. Plaintiff is not in possession of a full copy of the insurance policy sued upon herein and are therefore unable to attach a copy of the entire policy that forms the basis of the Complaint. However, Plaintiff hereby incorporates by reference the insurance policy pursuant to Fla. R. Civ. P. 1.350(a). A copy of the Policy will be obtained via Discovery.

7. Accordingly, under the terms of the Policy, the Defendant agreed to provide insurance coverage to Plaintiff property against certain losses. The damaged property is located at 220 Barefoot Beach Boulevard, Bonita Springs, Lee County, FL 34314 (hereinafter referred to as "Property").

8. On or about September 28, 2022, while the Policy was in full force and effect, the Property sustained damages due to Hurricane Ian (hereinafter referred to as "Loss") a covered peril under the policy. The high winds and rain produced by Hurricane Ian damaged the roof causing water leaks throughout the home. The damage includes but is not limited to the metal roof, roof 2, exterior, garage first floor, foyer/entry, storage room, office room, hall, room, kitchen/living room, closet, bathroom 1, dining room, hallway, bedroom, bathroom 2, third floor, master bed CL, entry to bedroom, personal properties and general items. Shortly thereafter Plaintiff reported the Loss to the Defendant.

9. Accordingly, Defendant assigned claim number 869380N and inspected the Property.

10. Subsequently, Defendant failed to adequately indemnify Plaintiff for the Loss.

11. By its failure to tender an appropriate amount to repair the Property, Defendant has materially breached the Policy.

12. Defendant has failed to properly indemnify Plaintiff for his losses stemming from the Loss.

13. Plaintiff has suffered and continues to suffer damages resulting from Defendant's breach of the Policy.

14. Plaintiff was obligated to retain the undersigned attorneys for the prosecution of this action and are entitled to reasonable attorneys' fees pursuant to Fla. Stat. §627.428.

## COUNT I
### BREACH OF CONTRACT

Plaintiff reincorporates paragraphs 1 through 15 as if fully set forth herein.

15. It is undisputed that Plaintiff and Defendant entered into a written contract, the Policy, wherein Plaintiff agreed to pay a premium in exchange Defendant agreed to insure the Property.

16. Plaintiff has paid all premiums due and owing as contemplated by the Policy, thus, fully performing his obligation under the Policy.

17. Further, at all times material hereto, Plaintiff has satisfied all post-loss obligations accorded in the Policy, including but not limited to: (i) promptly reporting the Loss to Defendant; (ii) providing all documents in his possession and control; and (iii) making the property available for inspection.

18. Defendant has failed to properly indemnify Plaintiff for his losses stemming from the covered peril.

19. As a result of the foregoing, Defendant has breached the Policy.

20. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has sustained damages.

WHEREFORE, the Plaintiff, CRAIG FENNEMAN, hereby demand judgment against the Defendant, QBE SPECIALTY INSURANCE COMPANY, for damages, plus interest, court costs and reasonable attorneys' fees pursuant to Florida Statute §627.428, and that the drafts for insurance proceeds comply with Fla. Stat. § 627.70121.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues so triable.

Dated this 13th day of November, 2023.

> M.S.P.G. LAW GROUP, PA
> Attorney for the Plaintiff
> 770 Ponce de Leon Blvd., Suite 101
> Coral Gables, FL 33134
> Telephone: 305-444-1887
> Facsimile: 305-666-8427
>
> By: /s/ Leo A. Manzanilla, Esq.
> LEO A. MANZANILLA, ESQ.
> FLA BAR NO.: 0652921
> For Service Document Only:
> Service@mspglawgroup.com